**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heralal A Nandlal and SHOPALX LLC, | No. CV-21-01481-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Oregon Cascade Properties LLC, Hull, Holiday, Holiday PLC, Market Edge Realty LLC, City of Phoenix, Airfilterstoyou Holding Company LLC, Arizona Public Service Company, and USPS Mailboxes LLC, | |
| Defendants. | |

On August 27, 2021, Plaintiff Heralal Nandlal filed a pro se complaint alleging a variety of errors made in state court proceedings and an application to proceed in forma pauperis ("IFP"). Docs. 1, 2. He has also filed a motion to allow electronic filing by a party without an attorney. Doc. 8. For the reasons stated below, the motion to allow electronic filing will be denied and the application for IFP status will be granted. The Court will also screen Plaintiff's complaint, dismiss it for failure to state a claim, and grant Plaintiff leave to file a first amended complaint.

**I.    Motion to Allow Electronic Filing.**

Plaintiff asks to be granted leave to electronically file documents. The Electronic Case Filing Administrative Policies and Procedures Manual provides in relevant part as follows:

> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.

*Electronic Case Filing Administrative Policies and Procedures Manual*, U.S. District Court for the District of Arizona, 5 (2020), http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

Plaintiff's motion does not indicate that he has the equipment and ability to comply with requirements for a pro se individual to be granted leave to file electronically. The motion therefore will be denied.

## II.   Application to Proceed In Forma Pauperis and Filing Fee.

Plaintiff attaches an affidavit on a court-approved form which suggests that he receives no monthly income and has monthly expenses totaling $1,150.  Doc. 2.  Plaintiff's affidavit shows that he cannot pay or give security for fees and costs and still provide himself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943).  Plaintiff's motion for IFP status will be granted.

## III.  Screening of Complaints.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).  Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]"  *Id*. at 1130.  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id*. at 1127.  A district court dismissing a claim under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

1  A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29. Plaintiff's complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss portions with leave to amend.

**IV.  Plaintiff's Complaint.**

Plaintiff complains of various errors and violations during state-court proceedings in two cases: CC2021059799EA ("the '799 Proceeding") and CC2021059726 ("the '726 Proceeding"). *See* Doc. 1. It appears that the '799 Proceeding was an eviction action. Plaintiff complains of errors in the '799 Proceeding pursuant to the Arizona Rules of Procedure for Eviction Actions, and the Court was able to access the public docket for that action. *See Find a Justice Court Case*, Maricopa County Justice Courts, http://justicecourts.maricopa.gov/FindACase/index.aspx (last visited November 8, 2021). The Court cannot glean from Plaintiff's complaint, or the public docket, what precise issues were litigated in the '799 Proceeding, the outcome of the case, or whether direct appeals were pursued. The Court was unable to find public information concerning the '726 Proceeding, and it remains unclear where these proceedings occurred, what claims were brought, who the parties were, and what the ultimate outcome was.

Plaintiff complains of the following defects in the '799 Proceeding: the South Mountain Justice Court lacked jurisdiction and should have transferred the case to the Maricopa County Superior Court pursuant to 28 U.S.C. § 1631 (Doc. 1 at 8-9); the state court should have granted Plaintiff's motion for relief from the judgment pursuant to Rule 15 of the Arizona Rules of Procedure for Eviction Actions (Doc. 1 at 4); the conduct of Defendant lawyers during the case violated the ethical requirements of Arizona Supreme Court Rule 41(c) (stating oath of admission to the Arizona State Bar) (Doc. 1 at 3); and the conduct allowed in the case violated Plaintiff's First, Fifth, and Fourteenth Amendment rights (*id.* at 4).

Plaintiff complains of the following defects in the '726 Proceeding: the opposing parties filed a "tampered protective order" to "wrongfully secure an eviction judgment" (*id.* at 2); the protective order violated Plaintiff's First Amendment rights (*id.* at 3); and the conduct of Defendant lawyers during the case violated the ethical requirements of Rule 41(c) (*id.*).

While Plaintiff's complaint hints at conduct by Defendants in violation of the federal Fair Housing Act, 42 U.S.C. § 3604 (Doc. 1 at 1), and the Arizona Residential Landlord and Tenant Act ("ARLTA"), 33 Ariz. Rev. Stat. §§ 1301-81 (*id.* at 2), it is not clear on the face of the complaint whether Plaintiff wishes to assert these claims or whether they merely formed the basis for one or both of the '799 and '726 Proceedings. Finally, the complaint accuses Defendants of witness tampering pursuant to 18 U.S.C. § 1512(a)(2). It is unclear whether the facts underlying this accusation arise from one or both of the '799 or '726 Proceedings or from other proceedings.

**V.     Jurisdiction.**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction over cases

between citizens of different states involving claims greater than $75,000.  Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The complaint alleges as bases of federal jurisdiction both federal question jurisdiction and diversity of citizenship jurisdiction.  Doc. 1 at 3.  But diversity of citizenship does not exist between the named Plaintiffs and Defendants, all of whom are citizens of Arizona.  *See* Doc. 1 at 3-4.  Plaintiff, therefore, should assert claims in his amended complaint based solely on federal question jurisdiction.

## VI. Plaintiff SHOPALX LLC.

The complaint names SHOPALX LLC as a Plaintiff.  Doc. 1 at 3.  SHOPALX LLC is a domestic limited liability company registered in in Arizona.  *See Entity Information*, Ariz. Corp. Comm'n, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=23100142 (last visited Nov. 10, 2021).

Only licensed attorneys may represent a corporation in federal court.  *See Rowland v. Cal. Men's Colony, Unit II, Men's Advisory Council*, 506 U.S. 194, 201-02, (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal court only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829 (1824)).  This rule applies to limited liability companies.  *Id*. at 202 ("As the courts have recognized, the rationale for that rule applies equally to all artificial entities.").  As a result, Plaintiff SHOPALX LLC may only appear as a Plaintiff in an amended complaint if a licensed attorney appears on its behalf.

## VII. Failure to State a Claim.

### A. Errors in State Court Proceedings.

Plaintiff alleges that, in the course of the '799 Proceeding, the state court did not have proper jurisdiction and erroneously denied his motion to set aside the judgment under Rule 15(a) of the Arizona Rules of Procedure for Eviction Actions.  Doc. 1 at 9.  But "[u]nder [the] *Rooker-Feldman* [doctrine], a federal district court does not have subject

matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. *Rooker-Feldman* becomes difficult – and, in practical reality, only comes into play as a contested issue – when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court.

*Id.* at 1155. A forbidden "de facto appeal" occurs when "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." *Id.* at 1156 (discussing *Rooker*). And when a plaintiff "assert[s] as legal wrongs allegedly illegal acts committed by a party against whom he had previously litigated, and s[eeks] to litigate related claims against that party," the law of issue and claim preclusion potentially govern. *Id.* at 1166.

Plaintiff asserts as legal wrongs the allegedly erroneous rulings of the state courts and seeks relief from the state judgment in federal district court. Such claims appear to be barred by the *Rooker-Feldman* doctrine. Given the lack of clarity in Plaintiff's complaint, however, the Court cannot be sure that Plaintiff could never state a claim for relief. The Court therefore will dismiss these claims with leave to amend.

**B.     Attorney Ethical Violations.**

Plaintiff complains of conduct by Defendant law firm Hull, Holiday, Holiday PLC in connection with the '799 and '726 Proceedings. Doc. 1 at 3. He attaches to his complaint an email he submitted to the State Bar of Arizona alleging ethical violations by the attorneys in the '799 Proceeding. Doc. 1 at 15. The authority to investigate and discipline attorneys admitted to the Arizona bar for ethical violations lies exclusively with the Supreme Court of Arizona. *Matter of Riley*, 691 P.2d 695, 698 (1984) ("The Supreme Court of Arizona has the exclusive jurisdiction to regulate the admission to the practice of

law and the discipline of those admitted. . . . [When talking about] the power of the State Bar Disciplinary Board, we are actually talking about our own authority because the Bar Disciplinary Board and its committees are mere arms of this court[.]"); *see also In re Wade*, 948 F.2d 1122, 1123-24 (9th Cir. 1991) (quoting *Matter of Riley*); *Attorney Discipline Home*, Ariz. Jud. Branch, https://www.azcourts.gov/attorneydiscipline (last visited November 5, 2021) (discussing process of reporting attorney misconduct to the State Bar). The Court will dismiss Plaintiff's claims of ethical violations for failure to state a claim for which this Court can provide relief.

### C. First, Fifth, and Fourteenth Amendments.

Plaintiff alleges that the conduct allowed in the '799 Proceeding violated his First, Fifth, and Fourteenth Amendment rights. Doc. 1 at 9. "[I]t is fundamental that the First Amendment prohibits *governmental* infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the *states*, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982) (emphasis added). "And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Id.* "'[U]nder color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Id.* The Fifth Amendment, on the other hand, "protects against federal governmental action infringing on life, liberty, or property." *Martinez v. Goddard*, 521 F. Supp. 2d 1002, 1012 (D. Ariz. 2007) (citing *Fidelity Financial Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986)).

Plaintiff fails to state a claim under the First, Fifth, and Fourteenth Amendments. He does not identify conduct that violated his rights under these amendments. Nor does he allege conduct committed by a state governmental actor. The Court will dismiss his First, Fifth, and Fourteenth Amendment claims for failure to state a plausible claim for relief, but grant leave to amend these claims.

### D. Housing Discrimination.

Plaintiff's complaint cites several federal and state fair housing statutes and regulations: 42 U.S.C. § 3604(b) (discrimination in the sale or rental of housing), Ariz. Admin. Code R10-2-106 (defining "intimidation" as prohibited by A.R.S. § 41-1491.18), and A.R.S. § 33-1367 (tenant's remedies for landlord's unlawful ouster).

To state a claim of discrimination under the federal Fair Housing Act ("FHA"), Plaintiff must show that he has been harmed by a discriminatory housing practice. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997); *see also Arthur v. Windsor Shadows Homeowner's Ass'n*, No. CV-20-00435-PHX-DJH, 2021 WL 1208962, *3 (D. Ariz. Mar. 31, 2021). A "discriminatory housing practice" is defined by 42 U.S.C. § 3604. *Gilligan*, 108 F.3d at 250. Plaintiff's complaint alleges that he was a victim of discriminatory housing practices as defined by § 3604(b) (Doc. 1 at 6), but does not identify any conduct by any named defendant that violated § 3604(b).[1] Nor does it set out whether or how Plaintiff was injured by such conduct.[2] The Court will dismiss Plaintiff's claim under the FHA, but grant leave for Plaintiff to amend the claim.

Similarly, the complaint does not clearly identify what conduct by which Defendant(s) renders him a victim of illegal housing discrimination under ARLTA. Plaintiff cites Ariz. Admin. Code R10-2-106, which defines "intimidation" as prohibited by A.R.S. § 41-1491.18, and to A.R.S. § 33-1367, which sets out remedies available to tenants that are victims of unlawful ouster, but does not otherwise assert a claim under

---

[1] The failure to clearly identify the defendant responsible for wrongful conduct is itself a failure to state a claim that would warrant dismissal of Plaintiff's complaint. *See Jackson v. Nelson*, 405 F.2d 872, 873-74 (9th Cir. 1968) (dismissing complaint where "the individual defendants are nowhere referred to in the pleadings, other than in the title to the action, and there is, consequently, no way of determining which defendant, if any, is being charged with responsibility for a particular grievance."). Plaintiff must make clear in his amended complaint which claims are directed at each named defendant.

[2] Plaintiff attaches to his complaint a copy of a complaint he filed with the Arizona Attorney General's Office, Civil Rights Division, which alleges discrimination based on his race – Plaintiff identifies himself as "Black" – in violation of the Arizona Residential Landlord and Tenant Act. Doc. 1 at 12. But he does not reallege any of these facts in his complaint, nor does he incorporate the document into his complaint by reference. It is therefore not clear whether Plaintiff wishes to assert a claim under the federal Fair Housing Act for this same conduct.

ARLTA. The Court will dismiss Plaintiff's claim under ARLTA and its unlawful ouster remedy provision for failure to state a claim, but grant leave to amend the claim.

### E. Witness Tampering.

Witness tampering, under 18 U.S.C. § 1512(a)(2) is a federal criminal offense. In the absence of a Congressionally-created private right of action, a criminal statute may not be enforced by a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."). Section 1512 does not create a private right of action. *Rowland v. Prudential Fin., Inc.*, 362 Fed. Appx. 596, 597 (9th Cir. 2010) (dismissing private litigant's claims under §§ 1512-13 because the provisions created no private right of action) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Court will dismiss Plaintiff's claims of criminal witness tampering for failure to state a claim.

## VIII. Leave to Amend.

By **December 15, 2021**, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

/ / /

**IX.    Warnings.**

      **A.    Address Changes.**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

      **B.    Possible Dismissal.**

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order).

      **C.    Plaintiff Must Become Familiar With the Rules.**

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**IT IS ORDERED:**

1. Plaintiff's motion to allow electronic filing by a party without an attorney (Doc. 8) is **denied**.

2. Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted**.

3. The complaint (Doc. 1) is **dismissed** for failure to state a claim.

4. Plaintiff's claims regarding alleged attorney ethical violations and witness tampering are **dismissed** without leave to amend.

5. Plaintiff is granted leave to amend his remaining claims. Plaintiff shall file his amended complaint on or before **December 15, 2021**, in compliance with this Order.

6. If Plaintiff fails to file an amended complaint on or before **December 15, 2021**, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 15th day of November, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge